**UNITED STATES BANKRUPTCY COURT**
EASTERN DISTRICT OF PENNSYLVANIA

In re: Debtor(s) name(s) used by the debtor(s) in the last 8 years, including married, maiden, and trade):

| | |
|---|---|
| Brandon Jamar Watson **Debtor(s)** | **Chapter** 13 **Case No.** 20-12126-PMM **Matter:** Motion for Mortgage Modification |

### DEBTOR(S)' MOTION FOR MORTGAGE MODIFICATION

AND NOW, come the Debtor(s), Brandon Jamar Watson, through their attorney, Paul D. Murphy-Ahles, Esquire and DETHLEFS PYKOSH & MURPHY, who files the within Debtor(s)' Motion for Mortgage Modification and aver as follows:

1. This case was commenced on April 27, 2020, when Debtor(s) filed a voluntary Petition for relief under Chapter 13 of the Bankruptcy Code.

2. The Chapter 13 Plan proposes to cure sewage arrears owed on the mortgage with M&T Bank as well as payment to unsecured creditors.

3. M&T Bank holds a valid first mortgage against Debtor(s)' personal residence located at 46 South Ann Street, Lancaster, Lancaster County, Pennsylvania.

4. M&T Bank has offered the Debtor(s) a Loan Modification on the first mortgage with the following terms:

    a. Under the modified Note, the new unpaid principal balance due on the first mortgage is $112,432.30;

    b. Upon modification, the annual rate of interest charged on the unpaid principal balance of the loan will be reduced to a fixed rate of 3.125%; and

    c. Debtor(s)' estimated new mortgage monthly payment on principal and interest balance will be in the amount of $481.63.

    A copy of the Loan Modification Agreement is attached hereto as Exhibit "A".

5. The loan modification is in the best interest of the Debtor(s) as it lowers their monthly payment and interest rate on the remaining principal balance owed on the mortgage and cures all pre-petition arrearages.

**WHEREFORE**, the Debtor(s) respectfully request this Honorable Court to approve the Mortgage Modification with M&T Bank.

                        Respectfully submitted,
                        **DETHLEFS PYKOSH & MURPHY**

Date: February 4, 2022                /s/ Paul D. Murphy-Ahles

                        Paul D. Murphy-Ahles, Esquire
                        PA ID No. 201207
                        2132 Market Street
                        Camp Hill, PA 17011
                        (717) 975-9446
                        pmurphy@dplglaw.com
                        *Attorney for Debtor(s)*

**After Recording Return To:**
RUTH RUHL, P.C.
Attn: Recording Department
12700 Park Central Drive, Suite 850
Dallas, Texas 75251

**Prepared By:**
RUTH RUHL, P.C.
12700 Park Central Drive, Suite 850
Dallas, TX 75251
877-766-6677

Parcel ID No.: 337-84546-0-0000

_____[Space Above This Line For Recording Data]_____

Loan No.:
Investor Loan No.:

FHA Case No.:

# LOAN MODIFICATION AGREEMENT
(Providing for Fixed Interest Rate)

This Loan Modification Agreement ("Agreement"), made this 22nd day of December, 2021, between BRANDON J WATSON, whose address is 46 S ANN ST, LANCASTER, Pennsylvania 17602 ("Borrower") and Lakeview Loan Servicing, LLC by its attorney-in-fact M&T Bank, whose address is 4425 Ponce de Leon Blvd, 5th Floor, Coral Gables, Florida 33146 ("Lender"), amends and supplements (1) the Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated January 24th, 2014, recorded January 28th, 2014, and recorded in Book/Liber N/A, Page N/A, Instrument No. 6127559, of the Official Records of LANCASTER County, Pennsylvania, and (2) the Note, bearing the same date as, and secured by, the Security Instrument, which covers the real and personal property described in the Security Instrument and defined therein as the "Property," located at 46 S ANN ST, LANCASTER, Pennsylvania 17602,

Said Security Instrument was assigned as follows:
From MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR FIRST ALLIANCE HOME MORTGAGE, LLC, A LIMITED LIABILITY CORPORATION, to PROSPECT MORTGAGE LLC, by assignment dated November 17th, 2014, and recorded on January 14th, 2015 of the Official Records of LANCASTER County, State of Pennsylvania in Book/Liber N/A, Page N/A, Instrument No. 6183273.

Original Loan Amount: $93,279.00

PENNSYLVANIA LOAN MODIFICATION AGREEMENT                                                    Page 1 of 6
(FNMA Modified Form 3179 1/01 (rev. 04/14))

Loan No.:

From PROSPECT MORTGAGE LLC, to LAKEVIEW LOAN SERVICING, LLC by assignment dated April 15th, 2016, and recorded on April 19th, 2016 of the Official Records of LANCASTER County, State of Pennsylvania in Liber or Book N/A, Page N/A, Instrument No. 6260973.

From N/A, to N/A, by assignment dated N/A, and recorded on N/A of the Official Records of LANCASTER County, State of Pennsylvania in Liber or Book N/A, Page N/A, Instrument No. N/A.

the real property described being set forth as follows:
SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF.

In consideration of the mutual promises and agreements exchanged, the parties hereto agree as follows (notwithstanding anything to the contrary contained in the Note or Security Instrument):

1.  As of February 1st, 2022, the amount payable under the Note and the Security Instrument (the "Unpaid Principal Balance") is U.S. $112,432.30, consisting of the unpaid amount(s) loaned to Borrower by Lender plus any interest and other amounts capitalized.
2.  Borrower promises to pay the Unpaid Principal Balance, plus interest, to the order of Lender. Interest will be charged on the Unpaid Principal Balance at the yearly rate of 3.125%, from January 1st, 2022. Borrower promises to make monthly payments of principal and interest of U.S. $481.63, beginning on the 1st day of February, 2022, and continuing thereafter on the same day of each succeeding month until principal and interest are paid in full. The yearly rate of 3.125% will remain in effect until principal and interest are paid in full. If on January 1st, 2052, (the "Maturity Date"), Borrower still owes amounts under the Note and the Security Instrument, as amended by this Agreement, Borrower will pay these amounts in full on the Maturity Date.
3.  If all or any part of the Property or any interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by the Security Instrument,
    If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by the Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Security Instrument without further notice or demand on Borrower.
4.  Borrower also will comply with all other covenants, agreements, and requirements of the Security Instrument, including without limitation, the Borrower's covenants and agreements to make all payments of taxes, insurance premiums, assessments, escrow items, impounds, and all other payments that Borrower is obligated to make under the Security Instrument; however, the following terms and provisions are forever canceled, null and void, as of the specified date in paragraph No. 1 above:

Loan No.:

    (a)    all terms and provisions of the Note and Security Instrument (if any) providing for, implementing, or relating to, any change or adjustment in the rate of interest payable under the Note; and

    (b)    all terms and provisions of any adjustable rate rider, or other instrument or document that is affixed to, wholly or partially incorporated into, or is part of, the Note or Security Instrument and that contains any such terms and provisions as those referred to in (a) above.

    5.    Borrower understands and agrees that:

    (a)    All the rights and remedies, stipulations, and conditions contained in the Security Instrument relating to default in the making of payments under the Security Instrument shall also apply to default in the making of the modified payments hereunder.

    (b)    All covenants, agreements, stipulations, and conditions in the Note and Security Instrument shall be and remain in full force and effect, except as herein modified, and none of the Borrower's obligations or liabilities under the Note and Security Instrument shall be diminished or released by any provisions hereof, nor shall this Agreement in any way impair, diminish, or affect any of Lender's rights under or remedies on the Note and Security Instrument, whether such rights or remedies arise thereunder or by operation of law. Also, all rights of recourse to which Lender is presently entitled against any property or any other persons in any way obligated for, or liable on, the Note and Security Instrument are expressly reserved by Lender.

    (c)    Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument.

    (d)    All costs and expenses incurred by Lender in connection with this Agreement, including recording fees, title examination, and attorney's fees, shall be paid by the Borrower and shall be secured by the Security Instrument, unless stipulated otherwise by Lender.

    (e)    Borrower agrees to make and execute such other documents or papers as may be necessary or required to effectuate the terms and conditions of this Agreement which, if approved and accepted by Lender, shall bind and inure to the heirs, executors, administrators, and assigns of the Borrower.

    (f)    Borrower authorizes Lender, and Lender's successors and assigns, to share Borrower information including, but not limited to (i) name, address, and telephone number, (ii) Social Security Number, (iii) credit score, (iv) income, (v) payment history, (vi) account balances and activity, including information about any modification or foreclosure relief programs, with Third Parties that can assist Lender and Borrower in obtaining a foreclosure prevention alternative, or otherwise provide support services related to Borrower's loan. For purposes of this section, Third Parties include a counseling agency, state or local Housing Finance Agency or similar entity, any insurer, guarantor, or servicer that insures, guarantees, or services Borrower's loan or any other mortgage loan secured by the Property on which Borrower is obligated, or to any companies that perform support services to them in connection with Borrower's loan.

Borrower consents to being contacted by Lender or Third Parties concerning mortgage assistance relating to Borrower's loan including the trial period plan to modify Borrower's loan, at any telephone number, including mobile telephone number, or email address Borrower has provided to Lender or Third Parties.

By checking this box, Borrower also consents to being contacted by text messaging❍.

    6.    If applicable, by this paragraph, Lender is notifying Borrower that any prior waiver by Lender of Borrower's obligations to pay to Lender Funds for any or all Escrow Items is hereby revoked, and Borrower has been advised of the amount needed to fully fund the Escrow Items.

    7.    Borrower will pay to Lender on the day payments are due under the Loan Documents as amended by this Agreement, until the Loan is paid in full, a sum (the "Funds") to provide for payment of amounts due for: (a) taxes and assessments and other items which can attain priority over the Mortgage as a lien or encumbrance on the Property; (b) leasehold payments or ground rents on the Property, if any; (c) premiums for any and all insurance required by Lender under the Loan Documents; (d) mortgage insurance premiums, if any, or any sums payable to Lender in lieu of the payment of mortgage insurance premiums in accordance with the Loan Documents; and (e) any community association dues, fees, and assessments that Lender requires to be escrowed. These items are called "Escrow Items." Borrower shall promptly furnish to Lender all notices of amounts to be paid under this paragraph. Borrower shall pay Lender the Funds for Escrow Items unless Lender waives Borrower's obligation to pay the Funds for any or all Escrow Items. Lender may waive Borrower's obligation to pay to Lender Funds for any or all Escrow Items at any time. Any such waiver may only be in writing. In the event of such waiver, Borrower shall pay

Loan No.:

directly, when and where payable, the amounts due for any Escrow Items for which payment of Funds has been waived by Lender and, if Lender requires, shall furnish to Lender receipts evidencing such payment within such time period as Lender may require. Borrower's obligation to make such payments and to provide receipts shall for all purposes be deemed to be a covenant and agreement contained in the Loan Documents, as the phrase "covenant and agreement" is used in the Loan Documents. If Borrower is obligated to pay Escrow Items directly, pursuant to a waiver, and Borrower fails to pay the amount due for an Escrow Item, Lender may exercise its rights under the Loan Documents and this Agreement and pay such amount and Borrower shall then be obligated to repay to Lender any such amount. Lender may revoke the waiver as to any or all Escrow Items at any time by a notice given in accordance with the Loan Documents, and, upon such revocation, Borrower shall pay to Lender all Funds, and in such amounts, that are then required under this paragraph.

Lender may, at any time, collect and hold Funds in an amount (a) sufficient to permit Lender to apply the Funds at the time specified under the Real Estate Settlement Procedures Act ("RESPA"), and (b) not to exceed the maximum amount a lender can require under RESPA. Lender shall estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with applicable law.

The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is an institution whose deposits are so insured) or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items no later than the time specified under RESPA. Lender shall not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. Unless an agreement is made in writing or applicable law requires interest to be paid on the Funds, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Lender and Borrower can agree in writing, however, that interest shall be paid on the Funds. Lender shall provide Borrower, without charge, an annual accounting of the Funds as required by RESPA.

If there is a surplus of Funds held in escrow, as defined under RESPA, Lender shall account to Borrower for the excess funds in accordance with RESPA. If there is a shortage of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the shortage in accordance with RESPA, but in no more than 12 monthly payments. If there is a deficiency of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the deficiency in accordance with RESPA, but in no more than 12 monthly payments.

Upon payment in full of all sums secured by the Loan Documents, Lender shall promptly refund Borrower any Funds held by Lender.

Loan No.:

___2/3/2022_____    _____/s/_____(Seal)
Date                                                                    BRANDON J WATSON         –Borrower

_____    _____(Seal)
Date                                                                                                                          –Borrower

_____    _____(Seal)
Date                                                                                                                          –Borrower

_____    _____(Seal)
Date                                                                                                                          –Borrower


## BORROWER ACKNOWLEDGMENT

State of **Pennsylvania** §
                                              §
County of **Lancaster** §

On this, the **3rd** day of **February**, **2022** before me **Paul D. Murphy-Ahles**,
the undersigned officer, personally appeared BRANDON J WATSON

known to me (or satisfactorily proven) to be the person whose name(s) is/are subscribed to the within instrument, and acknowledged that he/she/they executed the same for the purposes therein contained.
    In witness whereof, I hereunto set my hand and official seal.

(Seal)

_____
Notary Signature

Commonwealth of Pennsylvania - Notary Seal
Paul D. Murphy-Ahles, Notary Public
Cumberland County
My commission expires August 11, 2024
Commission number 1376964
Member, Pennsylvania Association of Notaries

Notary Public
Title of Officer

My Commission Expires: **08-11-2024**

ACKNOWLEDGMENT (PENNSYLVANIA)                                                                                    Page 5 of 6

Loan No.: 

M&T Bank as attorney-in-fact for
Lakeview Loan Servicing, LLC      –Lender

_____ -Date

By: _____

Its: _____

## LENDER ACKNOWLEDGMENT

State of  New York      §
                        §
County of Erie          §

    On this, the _____ day of _____, _____ before me_____,
the undersigned officer, personally appeared _____ who acknowledged himself/herself to be the _____
_____ of M&T Bank as attorney-in-fact for Lakeview Loan Servicing, LLC

a entity, and that he/she as such _____
_____ being authorized to do so, executed the foregoing instrument for the purposes therein contained by signing the name of said entity by himself/herself as
_____.

    In witness whereof, I hereunto set my hand and official seal.

(Seal)

_____
Notary Signature

<u>Notary Public</u>
Title of Officer
My Commission Expires: _____

"I, _____, do hereby certify that the correct address of the within named Mortgagee is 4425 Ponce de Leon Blvd, 5th Floor, Coral Gables, Florida 33146. Witness my hand this _____ day of _____, _____."

**Signed:** _____
**By:** _____

EXHIBIT "A"

ALL THAT CERTAIN lot of ground situated on the West side of South Ann Street, between Mifflin and Chester Streets, in the City of Lancaster, County of Lancaster and Commonwealth of Pennsylvania, having thereon erected a two story mansard roof brick dwelling house with a two story brick back building, known as No. 46 South Ann Street, bounded and described as follows:

CONTAINING in front on the West side of South Ann Street, Twenty-two (22) feet and extending in depth of that width Westwardly a distance of One Hundred Ten (110) feet, the southern boundary line of the herein conveyed premises being Sixty-eight (68) feet Six (6) inches North of the property line on the North side of Chester Street.

THE South line of the herein conveyed premises passes through the middle of the party wall between the dwelling on the herein conveyed premises and the dwelling premises adjoining on the South.

BOUNDED on the North by property now or late of Mae H. Shorts, on the South by property now or late of Albert F. Lichty, and on the East by South Ann Street.

BEING THE SAME PREMISES which Richard A. Sider and Martha E. Sider, husband and wife, by deed dated July 1, 1995 and recorded July 5, 1995 in the Office of the Recorder of Deeds in and for Lancaster County, PA in Record Book 4678, Page 77 granted and conveyed unto Mark S. Siemens and Janet D. Siemens, husband and wife.

AND THE SAID Mark S. Siemens died _____ whereupon title vested unto Janet D. Siemens by the right of survivorship.

TAX ID: 337-84546-0-0000

EXHIBIT "A"

**UNITED STATES BANKRUPTCY COURT**

MIDDLE DISTRICT OF PENNSYLVANIA

In re: Debtor(s) name(s) used by the debtor(s) in the last 8 years, including married, maiden, and trade):

| | |
|---|---|
| Brandon Jamar Watson | **Chapter** 13 |
| **Debtor(s)** | **Case No.** 20-12126-PMM |
| | **Matter:** Motion for Mortgage Modification |

### ORDER OF COURT

UPON CONSIDERATION Debtor(s)' Motion for Mortgage Modification, and the Court finding that the relief prayed for is warranted and proper under the circumstances, and the Court being otherwise fully advised:

IT IS THEREFORE ORDERED that Debtor(s)' Motion is hereby GRANTED; and Debtor(s) and M&T Bank are granted APPROVAL by the Court to enter into the Mortgage Modification.

Date:

_____

The Honorable Patricia M. Mayer
Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
EASTERN DISTRICT OF PENNSYLVANIA

In re: Debtor(s) name(s) used by the debtor(s) in the last 8 years, including married, maiden, and trade):

| | |
|---|---|
| Brandon Jamar Watson | **Chapter** 13 |
| **Debtor(s)** | **Case No.** 20-12126-PMM |
| | **Matter:** Motion for Mortgage Modification |

### CERTIFICATE OF SERVICE

I hereby certify that on Friday, February 4, 2022, I served a true and correct copy of the **Debtor(s)' Motion for Mortgage Modification, Notice of Opportunity to Object and Hearing, and proposed Order** in this proceeding via electronic means or USPS First Class Mail upon the recipients as listed in the Mailing Matrix.

/s/ Kathryn S. Greene

Kathryn S. Greene, RP®, Pa.C.P.
Paralegal for Paul D. Murphy-Ahles, Esquire

```
Label Matrix for local noticing          United States Trustee                    Reading
0313-4                                   Office of the U.S. Trustee               United States Bankruptcy Court
Case 20-12126-pmm                        200 Chestnut Street                      Office of the Clerk Gateway Building
Eastern District of Pennsylvania         Suite 502                                201 Penn Street, 1st Floor
Reading                                  Philadelphia, PA 19106-2908              Reading, PA 19601-4038
Fri Feb  4 10:14:14 EST 2022

Capital One Bank USA, NA                 LAKEVIEW LOAN SERVICING, LLC             Lakeview Loan Servicing, LLC
PO Box 30285                             C/O REBECCA ANN SOLARZ                   C/O KML Law Group
Salt Lake City, UT 84130-0285            KML Law Group P.C.                       701 Market Street Suite 5000
                                         701 Market Street                        Philadelphia, PA. 19106-1541
                                         Suite 5000
                                         Philadelphia, PA 19106-1541

Lakeview Loan Servicing, LLC             M&T Bank                                 Phelan Hallinan Diamond & Jones
PO Box 840                               Attn: Legal Document Processing          One Penn Center Plaza
Buffalo, NY 14240-0840                   626 Commerce Drive                       1617 JFK Boulevard, Suite 1400
                                         Amherst, NY 14228-2391                   Philadelphia, PA 19103-1814


Brandon Jamar Watson                     PAUL DONALD MURPHY-AHLES                 SCOTT F. WATERMAN (Chapter 13)
46 South Ann Street                      DETHLEFS PYKOSH & MURPHY                 Chapter 13 Trustee
Lancaster, PA 17602-3759                 2132 Market Street                       2901 St. Lawrence Ave.
                                         Camp Hill, PA 17011-4706                 Suite 100
                                                                                  Reading, PA 19606-2265



              The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.


(u)LAKEVIEW LOAN SERVICING, LLC          End of Label Matrix
                                         Mailable recipients    11
                                         Bypassed recipients     1
                                         Total                  12
```